IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16CV229

| | |
|---|---|
| DARRELL W. HELMS, JR., )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>**Acting Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>_____ ) | **MEMORANDUM AND<br>RECOMMENDATION** |

This matter is before the Court on the parties' cross motions for summary judgment (# 10, 12). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be granted and the Commissioner's motion for summary judgment be denied.

## I.   Procedural History

On July 16, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Transcript of Administrative Record ("T.") 181.) On the same day, Plaintiff protectively-filed a Title XVI application for supplemental security income. (T. 181.) In both applications, Plaintiff alleged a disability onset date of May 2, 2013. (T. 181.)

The Social Security Administration denied Plaintiff's claims initially on September 13, 2013, and the claims were denied upon reconsideration on December 6, 2013. (T. 181.) On January 17, 2014, Plaintiff filed a written request for a hearing. (T. 181.)

On June 23, 2015, a video hearing was held before an Administrative Law Judge ("ALJ").[1] (T. 181.) On July 14, 2015, the ALJ issued a decision finding that Plaintiff was not disabled from May 2, 2013, through the date of his decision, July 14, 2015. (T. 194-95.)

Plaintiff requested review of the ALJ's July 14, 2015, decision. (T. 1.) The Appeals Council denied Plaintiff's request for review. (T. 1-4.) On December 23, 2016, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1).

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in order: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

---

[1] Plaintiff appeared in Charlotte, North Carolina, and the ALJ presided over the hearing from Baltimore, Maryland. (T. 181.) A vocational expert also appeared at the hearing. (T. 181.) At the hearing, the ALJ held the record open for two weeks to allow Plaintiff to submit additional medical records. (T. 181.) Plaintiff submitted the additional medical records, which were admitted into evidence. (T. 181.)

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

3

**III. The ALJ's Decision**

In his July 14, 2015, decision, the ALJ ultimately found that Plaintiff was not disabled under Sections 216(i), 233(d), and 1614(a)(3)(A) of the Social Security Act. (T. 194.) In support of this conclusion, the ALJ made the following specific findings:

(1)  The claimant meets the insured status requirements of the Social Security Act through June 30, 2018.

(2)  The claimant has not engaged in substantial gainful activity since May 2, 2013, the alleged onset date (20 C.F.R. §§ 404.1571 et seq. and 416.971 et seq.).

(3)  The claimant has the following severe impairments: affective disorders and anxiety-related disorders (20 C.F.R. §§ 404.1520(c), 416.920(c)).

(4)  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

(5)  The claimant has the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that he is limited to simple, routine, repetitive tasks, performed in a work environment that is free of fast-paced production requirements that involves only simple, work-related decisions and routine workplace changes. The claimant is limited to occasional interaction with the public.

(6)  The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565, 416.965).[2]

(7)  The claimant was born on August 23, 1970, and he was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 C.F.R. §§ 404.1563, 416.963).

(8)  The claimant has at least a high school education, and he is able to communicate in English (20 C.F.R. §§ 404.1564, 416.964).

(9)  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P,

---

[2] The VE testified that Plaintiff has the following past work: store laborer, department manager, and sales attendant. (T. 193.)

4

Appendix 2).

(10) Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).[3]

(11) The claimant has not been under a disability, as defined in the Social Security Act, from May 2, 2013, through July 14, 2015 (20 C.F.R. §§ 404.1520(g), 416.920(g)).

(T. 181-195.)

## IV. Standard of Review

Title 42, United States Code, Section 405(g) provides that an individual may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's final decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application

---

[3] The VE testified that Plaintiff would be able to perform the requirements of representative occupations such as the following: floor waxer, with 1,092,100 jobs nationally; industrial cleaner, with 1,077,500 jobs nationally; and automobile detailer, with 198,600 jobs nationally. (T. 194.)

5

of the law.  Id.

**V.     Discussion**

**The ALJ was required to provide an explanation of the effect of Plaintiff's mild restriction in activities of daily living on his ability to engage in work activity.**

In Plaintiff's third and most compelling argument, he argues that the ALJ erred by failing to provide an explanation of the effect of his <u>mild</u> restriction in activities of daily living on his ability to engage in work activity.  Pl.'s Mem. Supp. (# 11) at 11-12.  Plaintiff concludes that remand for further consideration is necessary.  Id. at 12.  The Court agrees.

In fashioning a RFC to accommodate Plaintiff's functional limitations, the ALJ determined that Plaintiff was limited to "simple, routine, repetitive tasks, performed in a work environment that is free of fast-paced production requirements that involves only simple, work-related decisions and routine workplace changes and only occasional interaction with the public." (T. 187.) Citing <u>Mascio v. Colvin</u>, 780 F.3d 632, 638 (4th Cir. 2015), Plaintiff argues that the ALJ's limitations were insufficient.  Pl.'s Mem. Supp. (# 11) at 12.

In <u>Mascio</u>, the Fourth Circuit Court of Appeals held that limitations in concentration, persistence, or pace cause work-related limitations with staying on task, and while the ALJ may find that no limitations are required, an explanation is necessary.  780 F.3d at 638.  The Fourth Circuit Court of Appeals specifically held:

> Perhaps the ALJ can explain why [the plaintiff's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [the plaintiff's] residual functional capacity.  For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the plaintiff's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert.  But because the ALJ gave no explanation, a remand is in order.

Id. (internal citation omitted).

The case law in this District reflects that U.S. District Judge Max O. Cogburn, Jr. has held

6

as follows in a similar case: "While the court agrees with the Commissioner's argument that the fact that the ALJ found mild limitations in paragraph B criteria does not necessarily translate to a work-related functional limitation, Mascio clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered." Reinhardt v. Colvin, No. 3:14-CV-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C Apr. 17, 2015). U.S. District Judge Martin K. Reidinger, the presiding District Judge in this case, has cited this holding with approval. See Wilson v. Colvin, No. 1:14-CV-00218-MR, 2015 WL 5330481, at *5 (W.D.N.C. Sept. 12, 2015).

In the instant case, there is no discussion by the ALJ regarding why Plaintiff's mild restriction on activities of daily living do not translate into work-related limitations on his RFC. See (T. 187-193.) While it is quite possible that the limitations imposed in Plaintiff's RFC cover the mild restriction on activities of daily living, the ALJ must "[s]how [his] work." See Patterson v. Comm'r of Soc. Sec., 846 F.3d 656, 663 (4th Cir. 2017).

In sum, the ALJ's legal error warrants remand. See Craig, 76 F.3d at 589 (recognizing that a decision cannot be upheld where the ALJ's factual findings were reached through the application of an incorrect legal standard). Consequently, Plaintiff is entitled to summary judgment.

## VI.  Conclusion

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary judgment (# 10) be GRANTED, and the case be remanded. The Commissioner's motion for summary judgment (# 12) be DENIED.

Signed: March 7, 2018

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).