# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:16-cv-00229-MR-DLH

| | |
|---|---|
| DARRELL W. HELMS JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10]; the Defendant's Motion for Summary Judgment [Doc. 12]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of those motions [Doc. 14]; and the Defendant's Objections to the Memorandum and Recommendation [Doc. 15].

## I.     PROCEDURAL BACKGROUND

On July 16, 2013, the Plaintiff, Darrell W. Helms Jr. ("the Plaintiff") protectively filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act") and supplemental

security income benefits under Title XVI of the Act, alleging disability beginning May 2, 2013. [Transcript ("T.") at 181, 281-94]. The Plaintiff's applications were denied initially and upon reconsideration. [T. at 132-42, 143-53, 156-66, 167-77]. At the Plaintiff's request, a hearing was held on June 23, 2015, before Administrative Law Judge Stanley K. Chin ("ALJ"). [T. at 98-129]. Present at the hearing were the Plaintiff, the Plaintiff's attorney, and a vocational expert ("VE"). [Id.]. On July 14, 2015, ALJ Chin issued a decision, denying the Plaintiff benefits. [T. 178-199]. The Appeals Council denied the Plaintiff's request for review on October 27, 2016 [T. 1-5], thereby rendering the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, the Plaintiff commenced this action under 42 U.S.C. § 405(g), seeking judicial review of that decision. [Doc. 1]. The Defendant filed an Answer to the Plaintiff's Complaint. [Doc. 3]. Thereafter, the parties filed cross-motions for summary judgment. [Docs. 10, 12].

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the District Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider those motions and to submit to this Court a recommendation for their disposition. On March 7, 2018, the Magistrate Judge entered a Memorandum and Recommendation in this case,

recommending that this matter be remanded for further proceedings. [Doc. 14]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Defendant timely filed her Objections on March 19, 2018. [Doc. 15].

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ

4

need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's

5

ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, on remand, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV. THE ALJ'S DECISION

The ALJ found that Plaintiff has not engaged in substantial gainful activity since May 2, 2013, the alleged date of onset. [T. at 183]. The ALJ then found that the Plaintiff has the following severe impairments: affective disorders and anxiety-related disorders. [T. 183-85]. The ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [T. at 185-87]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he is limited to simple, routine, repetitive tasks, performed in a work environment that is free of fast-paced production requirements that involves only simple, work-related decisions and routine workplace changes. The claimant is limited to occasional interaction with the public.

[T. at 187-93].

The ALJ further found that the demands of the Plaintiff's past relevant work exceed his RFC and that the Plaintiff is, therefore, unable to perform any past relevant work. [T. at 193]. Based on the testimony of the VE, and considering the Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are other jobs that exist in significant numbers in the national economy that the Plaintiff can perform. [T. at 193-94]. The ALJ

7

therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from May 2, 2013, his alleged date of onset, through July 14, 2015, the date of the ALJ's decision. [T. at 194].

## V.	DISCUSSION[1]

In this appeal, the Plaintiff sets out two assignments of error. First, the Plaintiff asserts that the ALJ erred in failing to provide a complete function-by-function analysis of the Plaintiff's mental limitations in the RFC assessment. [Doc. 11 at 5]. Second, the Plaintiff argues that the ALJ erred in failing to explain how he resolved conflicting psychological opinions, both of which were assigned great weight. [Id.]. The Plaintiff argues that these errors require remand.

### A.	The Mental RFC Assessment

Social Security Ruling 96-8p explains how adjudicators should assess residual functional capacity. In assessing the RFC, the ALJ must consider all of the limitations and restrictions imposed by the claimant's impairments, both severe and not severe. SSR 96-8p; 20 C.F.R. § 416.945(e). The Ruling instructs that the RFC "assessment must first identify the individual's

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the Regulations.[2] SSR 96-8p. Only after a proper function-by-function analysis may the RFC "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id. The Ruling further explains that the RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Id.

Here, the Plaintiff asserts that the ALJ erred in assessing the mental RFC in the following ways: (1) the ALJ failed to make a finding as to the Plaintiff's ability to stay on task; (2) the ALJ failed to explain how the Plaintiff will be able to interact with others despite his moderate difficulties in social functioning; and (3) the ALJ failed to explain how the Plaintiff's mild restriction in activities of daily living impact his ability to engage in work activity.

---

[2] The functions listed in the Regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

### 1. Ability to Stay on Task

The Plaintiff first contends that the ALJ failed to consider his ability to stay on task or to work for a full workday or workweek. In so arguing, the Plaintiff relies heavily on Mascio, in which the Fourth Circuit held that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Mascio, 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir.2011)). As the Mascio Court explained, "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Mascio, 780 F.3d at 638.

While the ALJ did not explicitly use the phrase "ability to stay on task," a careful review of the ALJ's decision reveals that the ALJ properly accounted for the Plaintiff's limitations in concentration, persistence, and pace in determining the Plaintiff's RFC. In his decision, the ALJ noted that the RFC determination was an evaluation of the Plaintiff's "physical and mental work activities *on a sustained basis*." [T. at 183 (emphasis added)]. The ALJ also noted that the Plaintiff's mental impairments were triggered by situational factors and that his symptoms improved with medication [T. at 190-91], and that the Plaintiff was found by treatment providers to have "fair"

or "normal" attention and concentration. [T. at 189, 190]. The ALJ also considered the Plaintiff's daily activities in the RFC determination, noting that the Plaintiff reported spending his days going to the library, reading books, playing cards and bingo, and volunteering at a public housing facility. [T. at 124, 186, 190, 413, 417]. Additionally, the Plaintiff reported doing a number of household chores, shopping, and going to yard sales. [T. at 121, 122, 186, 343-46].

The ALJ also relied upon the assessments from the State agency psychological consultants [T. at 191-92], who both determined that the Plaintiff had the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms; had the ability to tolerate day-to-day work stressors; could sustain concentration for simple tasks; and had the mental RFC to perform simple, routine, repetitive tasks. [T. at 138-39, 162-63]. Ultimately, the ALJ accounted for the Plaintiff's mental restrictions by limiting him to "simple, routine, repetitive tasks, performed in a work environment that is free of fast-paced production requirements that involves only simple, work-related decisions and routine workplace changes. The claimant is limited to occasional interaction with the public." [T. at 187].

"Mascio only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" White v. Colvin, No. 3:15-cv-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June 14, 2016) (quoting Mascio, 780 F.3d at 636-37). While the ALJ "did not explicitly use the words 'stay on task,' [or 'for a full workday or workweek,'] his analysis and citations to the record clearly demonstrate that the ALJ's RFC is supported by substantial evidence, including the ability to stay on task for a full workday [or workweek]." Ponder v. Berryhill, No. 1:15-cv-00289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017). Here, the ALJ's findings are clearly explained and well-supported by substantial evidence in the record. Accordingly, the Court concludes that remand is not required under Mascio.

### 2.    Social Limitations

Next, the Plaintiff argues that the ALJ's consideration of his limitations in social functioning was incomplete. [Doc. 11 at 9-10]. Specifically, the Plaintiff contends that although the ALJ found that the Plaintiff was limited to occasional interaction with the public, the ALJ did not define "interaction." The Plaintiff also contends that the ALJ did not explicitly discuss the Plaintiff's ability to follow instructions or to interact with supervisors.

The Social Security Administration defines "social functioning" as follows:

> Social functioning refers to your capacity to interact independently, appropriately, effectively, and on a sustained basis with other individuals. Social functioning includes the ability to get along with others, such as family members, friends, neighbors, grocery clerks, landlords, or bus drivers. You may demonstrate impaired social functioning by, for example, a history of altercations, evictions, firings, fear of strangers, avoidance of interpersonal relationships, or social isolation. You may exhibit strength in social functioning by such things as your ability to initiate social contacts with others, communicate clearly with others, or interact and actively participate in group activities.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(2). This regulation clearly defines the scope of interaction contemplated by the term "social functioning." The Plaintiff's contention that the ALJ is required to provide any further definition of the term "interaction" is simply without merit.

As for the ALJ's purported failure to explicitly discuss the Plaintiff's ability to follow instructions or to interact with supervisors, the Court finds no error. The ALJ found that the Plaintiff did not have problems getting along with authority figures, and this finding is supported by substantial evidence. A function report completed by April Wilson, the Plaintiff's future sister-in-law, noted that the Plaintiff's ability to get along with authority figures was

13

"fair." [T. at 348]. The ALJ also noted that recent treatment notes indicated that the Plaintiff had made new friends and had volunteered at a local housing authority. [T. at 413, 451, 457]. Further, as the ALJ noted, the state agency psychological consultants concluded that, despite the Plaintiff's moderate limitations in dealing with the general public, the Plaintiff's abilities to accept instruction and respond appropriately to criticism from supervisors and to get along with co-workers were not significantly limited. [T. at 139, 150, 163]. Based on this substantial evidence, the ALJ properly determined that there were no limitations in the Plaintiff's ability to follow instructions or interact with supervisors. As such, the ALJ did not err in his determination that a limitation to only occasional contact with the public adequately accounted for the Plaintiff's moderate difficulties in social functioning.

### 3. Activities of Daily Living

The Plaintiff argues that, in formulating the RFC, the ALJ failed to address the Plaintiff's mild restriction in activities of daily living, and that under Mascio, a remand is required. [Doc. 11 at 11-12]. The Defendant argues that Mascio is not applicable, as that case only addressed the ALJ's failure to account for a "moderate" limitation in concentration, persistence or pace. As such, the Defendant argues, the ALJ's failure to address any "mild" limitations in any other areas of functioning is not reversible error.

14

In applying the "paragraph B" criteria during step two of the sequential evaluation, the ALJ found that the Plaintiff had only mild limitation in activities of daily living. The limitations identified in the "paragraph B" criteria, however, are used only to rate the severity of mental impairments at steps 2 and 3 and are not part of the RFC assessment. See SSR 96-8p. The mental RFC assessment requires a more detailed assessment of various functions contained in the broad categories identified by paragraph B. Furthermore, in assessing the RFC, the ALJ must consider *all* of the limitations and restrictions imposed by the claimant's impairments, even if such impairments were not found to be severe at step 2. See id.; 20 C.F.R. § 416.945(e).

The Magistrate Judge determined that the ALJ erred in his assessment of the Plaintiff's mild restriction in activities of daily living and therefore recommended remand on this basis. In so reasoning, the Magistrate Judge noted the decision of Reinhardt v. Colvin, in which United States District Judge Max O. Cogburn, Jr., held that "Mascio clearly imposes on the Commission a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered." No. 3:14-cv-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015); see also Fletcher v. Berryhill, No. 3:16-cv-000725-RJC-DSC, 2017 WL 2990301, at *3 (W.D.N.C. June 15, 2017)

(Cayer, M.J.) (finding that ALJ's failure to address whether Plaintiff's mild limitations in activities of daily living, social functioning, and concentration, persistence, and pace warranted remand); Miller v. Berryhill, No. 3:16-cv-00688-RJC-DSC, 2017 WL 2990300, at *3 (W.D.N.C. June 9, 2017) (finding that ALJ's failure to address whether Plaintiff's mild limitation in social functioning warranted remand).

The failure of an ALJ to conduct an explicit function-by-function analysis, however, does not necessarily require a remand in every case. As the Court of Appeals stated in Mascio, a *per se* rule requiring remand would be inappropriate "given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" 780 F.3d at 636 (citation omitted). Rather, as the Mascio Court instructed, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or whether other inadequacies in the ALJ's analysis frustrate meaningful review." Id. (citation and internal quotation marks omitted). For this reason, the treatment of functional limitations arising from minor, mild mental health restrictions need not be as extensive and detailed as the

treatment required regarding moderate restrictions. Mascio requires only that they be addressed adequately.³

Here, unlike in Mascio, the ALJ did not fail to address any relevant functions or otherwise fail to provide an adequate explanation for his assessment of the Plaintiff's limitations. To the contrary, the ALJ made sufficient reference to the evidence and provided ample explanation and detail regarding all of the Plaintiff's mental limitations, including his mild restriction in activities of daily living. Specifically, the ALJ noted that the Plaintiff went to the library; read books; played cards and bingo; volunteered at a public housing facility; helped with cooking, cleaning, and other household chores; and went shopping and to yard sales. [T. at 186-88, 190]. This evidence constitutes substantial evidence to support a finding that the Plaintiff's mild restrictions in activities of daily living did not result in any work-related functional limitations. [T. at 188]. Additionally, the ALJ cited to the State Agency psychological consultants' conclusions that, despite the

---

³ Other cases in this District have concluded that while Mascio requires an explicit discussion of moderate or severe limitations, mild restrictions need not be explicitly discussed in determining a plaintiff's RFC. See Thorp v. Berryhill, No. 3:16-cv-00070-RJC, 2018 WL 325318, at *3 (W.D.N.C. Jan. 8, 2018); Franklin v. Berryhill, No. 1:16-cv-00211-RJC-DSC, 2017 WL 4274190, at *2 (W.D.N.C. Sept. 26, 2017); Brooks v. Berryhill, No. 3:15-cv-0044-RJC, 2017 WL 1196449, at *4 (W.D.N.C. Mar. 29, 2017); see also Roberson v. Colvin, No. 3:14-cv-00488-MOC, 2016 WL 5844148, at *6 (W.D.N.C. Oct. 4, 2016).

Plaintiff's mild difficulties in activities of daily living, he could nonetheless perform simple, routine, repetitive tasks. [T. at 191-92]. The ALJ explicitly included this limitation in the RFC, along with the other limitations accounting for his moderate difficulties in social functioning and maintaining concentration, persistence, and pace. [T. at 192].

In sum, the Court concludes that the ALJ's mental RFC assessment satisfied the requirements of Mascio, and that there is substantial evidence in the record to support the ALJ's RFC determination. Accordingly, the Plaintiff's first assignment of error is overruled.

### B. Conflicting Psychological Opinions

In his second assignment of error, the Plaintiff contends that the ALJ failed to resolve conflicts between the opinions of the State agency psychological consultants and, without explanation, omitted some of their assessed limitations from the RFC. [Doc. 11 at 12-15]. Specifically, the Plaintiff notes that on the Psychiatric Review Technique Form, one State agency psychologist found that the Plaintiff was *not significantly limited* in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, while the other State agency psychologist in completing the same type of form found that the Plaintiff had limitations in these functions. [Id. at 13].

While the psychologists' opinions differed as to this one category of functions, both psychologists found that despite any limitations the Plaintiff may have had regarding his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, he nonetheless retained the ability to sustain concentration to perform simple tasks and would be able to perform work involving simple, routine, repetitive tasks. [T. at 138-39, 173-74]. The ALJ adopted this latter conclusion and used it in formulating the RFC. [T. at 192]. Thus, any conflict between the opinions of the State agency psychologists was inconsequential to the ALJ's ultimate RFC determination. This second assignment of error, therefore, is without merit.

## VI. CONCLUSION

In summary, the Court finds and concludes that the decision of the Commissioner is supported by substantial evidence and is based on the application of the correct legal standards. Accordingly, the Commissioner's decision is affirmed.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections [Doc. 15] are **SUSTAINED**; the Memorandum and Recommendation [Doc. 14] is

**REJECTED**; the Plaintiff's Motion for Summary Judgment [Doc. 10] is **DENIED**; and the Defendant's Motion for Summary Judgment [Doc. 12] is **GRANTED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **AFFIRMED** and this case is hereby **DISMISSED**. A judgment shall be entered simultaneously herewith.

    **IT IS SO ORDERED.**

Signed: March 26, 2018

Martin Reidinger
United States District Judge